UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

DAVID LIVINGSTON                      :
                                      :   CASE NO. 1:09-CV-384
          Plaintiff,                  :
                                      :
vs.                                   :   OPINION & ORDER
                                      :   [Resolving Doc. No. 12.]
CAVALRY PORTFOLIO SERVICES, LLC       :
                                      :
          Defendant.                  :
                                      :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 19, 2009, Plaintiff David Livingston filed a Complaint against Defendant Cavalry Portfolio Services, LLC ("Cavalry") under the Fair Debt Collection Act. [Doc. 1.] On June 1, 2009, the Court entered judgment in the case, reflecting Plaintiff Livingston's acceptance of Defendant Cavalry's Federal Rule of Civil Procedure 68 offer of judgment. [Doc. 8.] The Plaintiff filed a motion for attorney's fees on June 25, 2009, [Doc. 9], and the Defendant opposed this motion, asking that it be denied and stricken from the docket because it was untimely under Federal Rule of Civil Procedure 54(d)(2)(B), [Doc. 10.] On June 30, 2009, the Court agreed with the Defendant, denied the Plaintiff's motion, and had the Plaintiff's motion stricken from the docket. [Doc. 11.]

Plaintiff Livingston now moves the Court to reconsider its June 30, 2009 opinion and order and, in the alternative, asks the Court to consider as being timely filed the Plaintiff's previously filed motion for attorney's fees. [Doc. 12.] The Defendant opposes the Plaintiff's motion for reconsideration. [Doc. 13.] For the following reasons, the Court **GRANTS** both Plaintiff Livingston's motion for reconsideration and his request that his previously filed motion for

-1-

Case No. 1:09-CV-384
Gwin, J.

attorney's fees be deemed timely.

## I. Legal Standard

The Federal Rules do not describe motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment. *See Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment."). Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose. *See Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

A court may grant a motion to amend or alter judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)).

## II. Analysis

In the instant motion, Plaintiff Livingston presents new (and previously not considered) evidence suggesting that his motion for reconsideration of the Court's June 4, 2009 opinion and

Case No. 1:09-CV-384
Gwin, J.

order should be granted.

The Plaintiff, in excusing the lateness of his motion for attorney's fees, argues that the parties had agreed in the offer of judgment that they would first try to negotiate the amount of attorney's fees among themselves prior to filing a motion with the Court. [Doc. 12 at 1-2.] In the judgment entry in this case, the Court acknowledged the parties' agreement, as articulated in the offer of judgment, thereby adopting its terms – including the requirement that the parties negotiate the amount of attorney's fees. The Court's acknowledgment of the offer of judgment in this case acts as a court order providing an alternative "time limit" for the filing of a motion for attorney's fees and superceding the requirement imposed by Federal Rule of Civil Procedure 54(d)(2)(B)(i) that a motion for attorney's fees be filed no later than 14 days after the entry of judgment. Both parties have presented evidence that negotiations regarding attorney's fees continued at least through June 8, 2009. [Doc. 13-1.] As it is unclear when the parties' negotiations terminated or appeared to be futile, the Plaintiff's motion for attorney's fees – filed on June 24, 2009 – could be deemed to have been submitted within a reasonable time following the conclusion of the negotiation period, thereby making it timely. The Court thus **GRANTS** Plaintiff Livingston's motion for reconsideration and deems his original motion for attorney's fees to be timely.[1]

### III. Conclusion

For all of the aforementioned reasons, the Court **GRANTS** both Plaintiff Livingston's motion for reconsideration and his request that his previously filed motion for attorney's fees be deemed timely.

---

[1] The Court reminds the parties that the amount of attorney's fees at issue in this case does not include expenses expended on any motions filed following the entry of judgment, including any motions concerning attorney's fees.

-3-

Case No. 1:09-CV-384
Gwin, J.

    IT IS SO ORDERED.


Dated: July 15, 2009            s/      *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE