UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID LIVINGSTON**, | ) | Case No. 1:09CV00384 |
| | ) | |
| Plaintiff, | ) | Judge James S. Gwin |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **CAVALRY PORTFOLIO** | ) | (Regarding ECF #9) |
| **SERVICES, LLC** | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Plaintiff David Livingston seeks a post-judgment award of attorneys' fees under the Fair Debt Collections Practices Act ("FDCPA") as the successful party based on accepting Defendant, Cavalry Portfolio Services, LLC's ("Cavalry") Fed.R.Civ.P. 68 Offer of Judgment in the amount of $1,001.00. (Docket #9)  Mr. Livingston seeks fees and costs in the amount of $3,062.50. [1]  Cavalry does not oppose the award of attorney fees, but argues that the hourly rates charged and some of the time billed are not reasonable.  (Docket #18).  This matter was referred to this Court on July 15, 2009, for report and recommended disposition. (Docket #15).

### I.  BACKGROUND

On February 19, 2009, Mr. Livingston initiated this action against Cavalry alleging violation of the FDCPA. (Docket #1).  On May 20, 2009, Cavalry made an offer of judgment pursuant to Fed.R.Civ.P. 68 in the amount of $1,001.00.  (Docket #9 at 1).  On May 28, 2009,

---

[1] Mr. Livingston originally sought $3,682.50 in fees but after the Court's order dated July 15,2009 (Docket #14), Mr. Livingston reduced the amount of fees sought by $656.30, representing fees incurred post-judgment.

1

Mr. Livingston filed a Notice of Acceptance of Rule 68 Offer of Judgment. (Docket #7). Mr. Livingston then filed his motion for attorney fees (Docket #9), [2] Cavalry responded in opposition (Docket #18), and Mr. Livingston replied. (Docket #19).

## II. LAW AND ANALYSIS

Mr. Livingston seeks $3,062.50 in attorney fees pursuant to 15 U.S.C. §1692k. The amount "is comprised of 12.9 hours of attorney and paralegal time at hourly rates ranging from $125.00/hour  per hour to $394.00 per hour." (Docket #9 at 9; Exhibit C). Plaintiff's motion seeks to recover "fees for Adam Hill at a rate of $225.00 per hour for 4.7 hours, Mike Agruss and Peter Cozmyk at a rate of $254.00 per hour for 1.5 hours and 1.1 hours, respectively, and Adam Krohn at a rate of $394.00 per hour for 3.4 hours." *Id.*

Cavalry argues that the following charges are not reasonable: (1) 3.3 hours charged by Mr. Krohn to open the case; (2) .2 hours charged by Mr. Agruss to review documents unrelated to the case; and (3) 2.1 hours charged by paralegals for secretarial work. (Docket #18 at 4-6). Cavalry also argues that, "[i]n the Northern District of Ohio, rates of $225 to $394 are unreasonable for this type of case." (*Id*. at 6); and that Mr. Krohn should be paid at a rate of no more than $225 per hour and Messrs. Agruss, Cozmyk and Hill at the rate of $150 per hour pursuant to *Kelly v. Montgomery Lynch & Associates, Inc.,* 2008 WL 4560744 (N.D. Ohio 2008)(Gwin, J.) and *Dowling v. Litton Loan Servicing LP,* 320 Fed.Appx. 442 (6th Cir. 2009). (*Id.* at 6-7).  Cavalry also argues that the paralegals should be paid at a rate of $75 per hour

---

[2] The Court originally struck Mr. Livingston's motion for fees as untimely (Docket #11), but later granted Mr. Livingston's motion for reconsideration and deemed his original motion timely filed. (Docket #14).

instead of $125 per hour.  (*Id.* at 7).

"The FDCPA mandates the award of 'a reasonable attorney's fee' and costs to a prevailing party."  *Dowling,* 320 Fed.Appx. at 446, *citing* 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir.1997).  "A reasonable fee is one that is 'adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'" *Dowling*, *supra, citing Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004), *quoting Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).  A reasonable fee is calculated by multiplying  "a reasonable hourly rate" and "the number of hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433. (1983).  "This product has come to be known as the 'lodestar.'"   *Dowling*, *supra, citing Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 642 (6th Cir.2009). There is a "strong presumption" that the lodestar "represents a 'reasonable' fee."  *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

     **A.**    <u>**Hours Billed**</u>

As noted above, Cavalry seeks to reduce Mr. Krohn's billable time by 2.3 hours, Mr. Agruss's time by .2 hours, and paralegal time by 2.1 hours.  Cavalry cites *Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989) in support of its position that secretarial tasks should not be billed at a paralegal rate. (Docket #18 at 5).  Mr. Livingston states that Cavalry has offered "no support in its request for a reduction" and has not established that the work performed by the paralegals was merely "secretarial/administrative."  (Docket #19 at 5).

     1.    <u>Mr. Krohn</u>

3

Cavalry challenges the following three entries as "excessive given the lack of complexity in the case, the experience of Mr. Krohn and the fact that Mr. Krohn has sufficient knowledge of Defendant due to the other lawsuits filed by Krohn & Moss against Defendant over the last year." (Docket #18 at 4).

| | | |
|---|---|---|
| Mon. Feb 2, 2009 | Received inquiry from client; set up consult with client; research into Defendant and viability of said; memo to file. | 1.00 |
| Tue Feb 3, 2009 | Open file in database (.2); discuss with associate and create factual summary (.3); prepare outline of linked events (.2); prepare Amicus Precedent to track case (.1). | .80 |
| Wed Feb 4, 2009 | Interview with client; prepare entire form interview (.5) prepare memo to file on counts to file (.5); research applicable state/federal statute to determine venue and possible state and federal counts (.5). | 1.5 |

The only activity that relates to the substantive law that was issue in the case, which Cavalry alleges should be already known to Mr. Krohn due to his experience, is the 30 minutes listed in the February 4, 2009 entry as "research applicable state/federal statute to determine venue and possible state and federal counts." Cavalry has not cited any authority to support an argument that is unreasonable for an experienced attorney to bill thirty minutes to determine the substantive and procedural core of a case. Thirty minutes is not excessive and it is likely that a less-experienced attorney would have taken longer to research these issues. As to Mr. Krohn's "knowledge" of Cavalry from other cases, again Cavalry has not cited any authority for its position that an attorney should just rely upon previous knowledge of a potential party when filing suit, without conducting due diligence. Moreover, even if one hour of due diligence could

4

be deemed unreasonable, it is unknown what portion of the one hour entry was devoted to researching the Defendant because the activity was part of a block-billed entry, which is not improper in the attorney fee context. *See Pittsburgh & Conneaut Dock Co. v. Director, Office of Workers' Compensation Programs*, 473 F.3d 253, 273 (6th Cir. 2007) (holding that the proper question is whether the fee is reasonable and noting that other "circuits have rejected block-billing objections to fee awards in a number of contexts."). Further, 15 U.S.C. §1692k does not prescribe the format of billing entries; it merely states that the fees must be reasonable.

2. Mr. Agruss

Cavalry argues that Mr. Agruss's time should be reduced by .2 hours for "a time entry on May 13, 2009 \*\*\* stating, "[r]eviewed [c]ourt documents and settlement agreement from creditor received by client." Cavalry maintains that "[t]his entry does not appear to relate to this matter." (Docket #18 at 4). Cavalry makes no argument as to why this entry appears to relate to another matter. Moreover, the case was resolved two weeks later, thereby possibly indicating that the entry, which references settlement documents, was related to this matter.

3. Paralegals

Cavalry argues that the activities performed by paralegal Julie Kim on February 19, 2009 (.9) and by paralegal Ms. Shaouli on February 27, 2009, and March 13, 2009 (.7) are secretarial/administrative work and should not be billed at a paralegal rate.

In *Missouri*, 491 U.S. at 288, n.10, the United States Supreme Court stated, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." However, the Court also set forth various activities that are properly performed by a

5

paralegal, including "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence." *Id.* The activities at issue except for activities related to E-Filing (.3 hours for each of Ms. Kim and Ms. Shaouli) fall within the above-described list of activities.

As to the time charged for E-filing, when an argument is made that particular paralegal activities do not require the professional training of a paralegal, "'[t]he only inquiry for requested paralegal fees should be whether the work was sufficiently complex to justify efforts of a paralegal as opposed to an employee at the next rung lower on the pay-scale ladder.'" *Gross ex rel. Gross v. Perrysburg Exempted Village School Dist.*, 306 F.Supp.2d 726, 737 (N.D. Ohio 2004)(Carr, J.), *quoting People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1315 (7th Cir. 1996). E-filing is not an activity sufficiently complex to require the professional training of a paralegal. Accordingly, Ms. Kim's and Ms. Shaouli's time should each be reduced by .3 hours ($37.50) for each, for a total reduction of $75.00.

### B. Rate(s) Charged

As set forth above, Cavalry challenges the hourly rates charged by the paralegals and each of the four attorneys who worked on Mr. Livingston's behalf. Cavalry's sole support for its position are the previously referenced *Kelly* and *Dowling* cases. Mr. Livingston states that Cavalry has failed to support its argument that the rates charged are unreasonable.

A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir.1994). "A useful

guideline in determining a reasonable hourly rate is the 'prevailing market rate [ ] in the relevant community.'" *Dowling*, 320 Fed. Appx. at 447, *quoting Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command[.]" *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). "The appropriate rate ... is not necessarily the exact value sought by a particular firm, but is rather the market rate...." *Gonter v. Hunt Valve co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007); *see also Tolentino v. Friedman*, 46 F.3d 645, 653 (7th Cir.1995) ( "Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law."). "[I]n determining the market rate within the court's venue for competent counsel, the district court may rely on state bar surveys containing information as to hourly rates within the court's venue for attorneys of different amounts of experience in different sized practices and with different specialties[.]" *Kelly, supra* at *5, *citing Gonter*, 510 F.3d at 619.

    Mr. Livingston supports the rates charged with the following evidence:

1. Experience of each attorney as set forth in their biographies and affidavits. (Docket #9 at 9-10, Exhibits D and E thereto);

2. 2007 Consumer Law Attorney Fee Survey, which demonstrates that the average billing rate for firms with more than 5 attorneys in Ohio is $412/hour; (*Id.* at 10; Exhibit F) ("Consumer Law Survey");

3. National Law Journal's 2007 Billing Survey which shows that the rates charges are commensurate to the rates charged by other firms in Ohio for associates ($151-$295/hour) and partners ($222-$465). (*Id*. at 11); and

4. The Laffey Matrix, which indicates that rates of $215 - $394 per hour are

reasonable.[3]

Cavalry merely argues that reasonable rates were decided in *Kelly,* a decision "issued less than a year ago" and that Mr. Livingston's counsel's rate are higher than those deemed reasonable in *Kelly*. (Docket #18 at 6).

In *Kelly,* this district, relying upon a state bar survey and counsel's experience determined that a rate of $300 per hour was reasonable in a FDCPA case for an attorney with 30 years of experience, $150 per hour was reasonable for an associate on the case (reduced from $200/hour), and $75/hour was reasonable for a paralegal on the case (reduced from $100/hour). *Kelly*, *supra,* at *8. *Kelly* does not, however, establish a standard for reasonable rates. The *Kelly* court examined the evidence presented to support the rates charged in the case before it, which commenced in early 2007, and resulted in settlement in early 2008. The instant case commenced in early 2009, more than two years after *Kelly*.[4] As in *Kelly,* this Court is relying upon the evidence before it, which is unopposed, and finds that the rates sought by Mr. Livingston's counsel are reasonable.

Mr. Krohn, who is charging $394/hour in this case, is the managing partner of his firm,

---

[3] The "'Laffey Matrix,' an official statement of market-supported reasonable attorney fee rates which was adopted, and is periodically updated, by the United States Court of Appeals for the District of Columbia." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 347 (6th Cir. 2000), *citing Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4 (D.C.Cir.1984), cert. denied, 472 U.S. 1021(1985), overruled in part by *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516 (D.C.Cir.1988) ( en banc ).

[4] It should also be noted that a court has discretion to award fees at the current rate for work performed prior to the date imposed to compensate for the delay in payment. *Dowling*, 320 Fed. Appx. 442 at *3, *citing Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir.2005), *citing Missouri*, 491 U.S. at 274. *See generally Gonter*, 510 F.3d at 617-18 (discussing application of current versus historic billing rates).

which employs more than five attorneys, and specializes in consumer law. (Docket #9, Exhibit D). Mr. Krohn was admitted to the bar in 1994, and is "a nationally recognized consumer advocate [who] has been the focus of numerous articles regarding matters of public interest, and has also been interviewed by countless newspapers, television and radio stations, and other media outlets as an expert in the field of consumer protection." *Id*. "Mr. Krohn is [also] a member of the National Association of Consumer Advocates, *** National Consumer Law center, [and] Consumers for Auto Reliability and Safety[.]" *Id*. According to the Consumer Law Survey, the average hourly rates for Ohio attorneys practicing in a firm that employs more than five attorneys is $412/hour. [5] (*Id*. at Exhibit F). The Laffey Matrix indicates that a rate of $390/hour is reasonable for attorneys of Mr. Krohn's experience level. (Docket #9 at 13). Affidavits of several attorneys practicing in consumer law further support the overall reasonableness of the fees sought, which includes the rate charged by Mr. Krohn. (*Id*. at Exhibit H).

Messrs. Cozmyk, Agruss, who are charging $254/hour, and Mr. Hill, who is charging $225/hour in this case, have practiced law between two and five years. (*Id*. at Exhibit D). As noted above, the Consumer Law Survey states that $412/hour is the average rate for Ohio attorneys in larger firms. (*Id*. at Exhibit F). The Laffey Matrix indicates that $215/hour is a reasonable rate for Mr. Hill, and $255/hour for Messrs. Cozmyk and Agruss. (Docket #9 at 13). Finally, as noted above, the fees sought, which necessarily includes the rate(s) charged have

---

[5] The survey notes that the table "does not take into consideration the factors of the degree of concentration or years of practice *** which will have a large impact on any particular person's hourly rate." (Docket #9, Exhibit F at 6).

been deemed reasonable by attorneys practicing in consumer law. (*Id.* at Exhibit H).

Mr. Livingston has not attached biographies or affidavits of either paralegal (Ms. Shaouli or Ms. Kim). However, the Consumer Law Survey states that $113/hour is the average rate for paralegals in small firms. [6] Moreover, as noted above, the entire invoice was reviewed by experienced counsel and the fees deemed reasonable, which necessarily includes the rates charged by Ms. Kim and Ms. Shaouli.

Based on the foregoing, the Court finds the rate(s) charged by Mr. Livingston's counsel and paralegals to be reasonable and commensurate with prevailing market rates.

### C. Calculation

Mr. Livingston's fee request is based upon the "lodestar method". Accordingly, as the rate(s) charged and time billed are reasonable, except for the aforementioned paralegal time, the fees calculated using the lodestar method are reasonable. *See Del. Valley Citizens,* 478 U.S. at 565.

### III. CONCLUSION

Based on the foregoing, this Court recommends that Mr. Livingston's petition for attorney fees and costs be granted in the amount of $2,951.20 ($3,026.20 - $75.00).



/s/James S. Gallas

United States Magistrate Judge

---

[6] The Consumer Law Survey does not contain an average rate for paralegals in large firms, but large firm rates are typically higher than small firm rates. Thus, the average fee charged by a paralegal in a large firm would likely be greater than $113/hour.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: September 8, 2009