UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

DAVID LIVINGSTON                 :
                                 :
                                 :   CASE NO. 1:09-CV-384
            Plaintiff,           :
                                 :
        v.                       :   OPINION & ORDER
                                 :   [Resolving Doc. Nos. 9, 20, 21, & 22.]
CAVALRY PORTFOLIO                :
SERVICES, LLC,                   :
                                 :
            Defendant.           :
                                 :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff David Livingston has moved for an award of post-judgment attorney's fees following his acceptance of the offer of judgment of Defendant Cavalry Portfolio Services, LLC. [Doc. 9.] The Defendant does not oppose a fee award but contends that the Plaintiff's requested fees of $3,062.50 is unreasonable. [Doc. 21.]

On July 15, 2009, the Court referred the Plaintiff's motion to Magistrate Judge James S. Gallas, who recommended that the Court grant the Plaintiff's motion in the amount of $2,951.20. [Doc. 20.] The Defendant has objected to Magistrate Judge Gallas's Report and Recommendation. [Doc. 21.]

For the reasons that follow, the Court **OVERRULES** the Defendant's objection, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **GRANTS** the Plaintiff's motion for attorney's fees in the amount of $2,951.20.

The Fair Debt Collection Practices Act—the basis of the Plaintiff's action—provides for an

-1-

Case No. 1:09-CV-384
Gwin, J.

award of "a reasonable attorney's fee" to the prevailing party. 15 U.S.C. § 1692k(a)(3). The Supreme Court has recognized that the lodestar method—the product of a reasonable hourly rate and the number of hours reasonably expended on the litigation—yields a fee amount that is presumptively reasonable. *See* Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986).

In this case, Magistrate Judge Gallas's Report and Recommendation found that because e-filing did not require the professional skills of a paralegal, the Plaintiff should not recover for e-filing time billed at paralegal rates. [Doc. 20 at 6.] Magistrate Judge Gallas thus recommended a $75 reduction to the Plaintiff's requested award, but in all other respects, he found the Plaintiff's requested fees to be reasonable (both in terms of rate and time). [Doc. 20 at 6-10.] Hence, he recommended that the Court grant the Plaintiff's motion in the amount of $2,951.20. [Doc. 20 at 10.]

The Federal Magistrates Act requires *de novo* review of those portions of a Report and Recommendation to which a party has objected. 28 U.S.C. § 636(b)(1). The Defendant has objected to Magistrate Judge Gallas's Report and Recommendation, challenging the reasonableness of both the Plaintiff's counsel's hourly rate and the number of hours allegedly expended on the litigation. [Doc. 21.] The Plaintiff's requested fee award includes 3.4 hours billed by managing partner Adam Krohn at $394/hour, 1.5 hours billed by associate Mike Agruss at $254/hour, 1.1 hours billed by associate Peter Cozmyk at $254/hour, 4.7 hours billed by associate Adam Hill at $225/hour, and 2.2 hours billed by paralegals Julie Kim and Jennifer Shaouli at $125/hour. [Doc. 9, Ex. C.]

The Defendant's argument that the hourly rates are unreasonable is unavailing. That argument relies almost entirely on this Court's decision last year in *Kelly v. Montgomery Lynch &*

Case No. 1:09-CV-384
Gwin, J.

*Associates, Inc.*, No. 1:07-CV-919, 2008 WL 4560744 (N.D. Ohio Oct. 8, 2008). *Kelly* held that hourly rates of $300 for a partner, $150 for an associate, and $75 for a paralegal were reasonable in a Fair Debt Collection Practices Act case. 2008 WL 4560744, at *7. But *Kelly* did not announce that $300/hour for a partner (or $150 for an associate, or $75 for a paralegal) was at the outer edge of the realm of reasonableness or that any higher rates would necessarily be unreasonable.[1/]

Rather, a reasonable fee rate was and still is, as the Sixth Circuit has explained, "the market rate in the venue sufficient to encourage competent representation." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007). The surveys of market rates for Ohio lawyers submitted by the Plaintiff shows that the Plaintiff's claimed rates are not abnormal. *See Gonter*, 510 F.3d at 619 (approving use of state bar survey of rates to determine reasonable attorney's fee); *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 347 n.3 (6th Cir. 2000) (approving use of Laffey Matrix in calculating reasonable attorney's fee provided by statute). [Doc. 9, Ex. F at 10 (according to 2007 Consumer Law Attorney Fee Survey, average hourly billing rate for Ohio lawyers practicing in firm of more than five attorneys is $412/hour); Doc. 9 at 12-13 (according to Laffey Matrix, average hourly billing rate in 2007-2008 for attorneys with 11-19 years of experience is $390, for attorneys with 4-7 years of experience is $255, for attorneys with 1-3 years of experience is $215, and for paralegals is $125).]

The Defendant's argument that the time billed is unreasonable also fails. The Magistrate Judge correctly reduced the time billed by paralegals for e-filing because that task was not

---

[1/]Moreover, even if *Kelly* had purported to define the outer limits of reasonable rates in that case—and it did not—the difference here is that the lawyers in this case practice in a larger firm, where hourly rates tend to be higher to cover the costs of their greater resources. [Doc. 9, Ex. F at 10 (according to 2007 Consumer Law Attorney Fee Survey, average hourly billing rate for Ohio lawyers practicing in firm of more than five attorneys is $143/hour higher than rate for lawyers in firms of less than five attorneys).]

Case No. 1:09-CV-384
Gwin, J.

"sufficiently complex to require the professional training of a paralegal." [Doc. 20 at 6 (citing, *inter alia*, *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989)).] The Magistrate Judge was also correct to reject the Defendant's other objections to the time billed, observing that the times recorded were reasonable and that less-experienced attorneys would have taken more time to complete the same tasks. [Doc. 20 at 4-6 ("Thirty minutes [to determine the substantive and procedural core of a case] is not excessive and it is likely that a less-experienced attorney would have taken longer to research these issues. . . . [The Defendant] has not cited any authority for its position that an attorney should just rely upon previous knowledge of a potential party when filing suit, without conducting due diligence. . . . [The Defendant also] makes no argument as to why [Mr. Arguss's time] entry appears to relate to another matter. Moreover, the case was resolved two weeks later, thereby possibly indicating that the entry, which references settlement documents, was related to this matter.").]

In sum, the Defendant's generalized objections are insufficient to overcome the "strong presumption" of reasonableness generated by the lodestar method. *Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 565. Hence, the Court **OVERRULES** the Defendant's objection to the Magistrate Judge's Report and Recommendation, **ADOPTS IN FULL** that R&R, and **GRANTS** the Plaintiff's motion for attorney's fees in the amount of $2,951.20.

IT IS SO ORDERED.

Dated: December 2, 2009    s/    *James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE

-4-